# EXHIBIT A

MORGAN & MORGAN, PLLC

By:   Mark R. Cohen, Esquire
      mark.cohen@forthepeople.com
      Identification No. 025892005
      One Commerce Square
      2005 Market Street, Suite 350
      Philadelphia, PA 19103
      215-488-5352 (Phone)
      445-201-8717 (Fax)

**Attorney for Plaintiffs**

| | |
|---|---|
| **M.G. DOE**<br>EDISON, NEW JERSEY 08817<br><br>PLAINTIFF,<br><br>v.<br><br><br>**CEASARS ENTERTAINMENT, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY**<br>3570 LAS VEGAS BLVD S,<br>LAS VEGAS, NV 89109<br>and<br>**JOHN DOE CORPORATIONS 1-10**<br>and<br>**JOHN DOES 1-10**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br><br><br>DOCKET NO.<br><br>**CIVIL ACTION COMPLAINT, DEMAND FOR TRIAL BY JURY, TRIAL COUNSEL DESIGNATION, NOTICE OF NO OTHER ACTION, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR PRODUCTION, AND DEMAND FOR INSURANCE COVERAGE** |

## CIVIL ACTION COMPLAINT
### PREMISES LIABILITY- NEGLIGENT SECURITY/RECKLESS SECURITY

1.    Plaintiff, M.G. Doe (hereinafter also referred to as "Plaintiff" or "M.G." or "Plaintiff M.G."), is an adult individual, citizen, and resident of the State of New Jersey, residing in Edison, NJ (Middlesex County, NJ).

2.    Defendant, Ceasars Entertainment, Inc. d/b/a Harrah's Resort Atlantic City (hereinafter also referred to as "Ceasars/Harrah's"), is a business entity doing business in the State of New Jersey with a business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises, namely the casino hotel

located at 777 Harrah's Boulevard, Atlantic City, NJ 08401 (hereinafter referred to as "subject premises").

3. At all times material hereto, Defendant Ceasars/Harrah's acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees. The identities of these agents, employees, office staff, and workers who were responsible for keeping the subject premises safe and secure, is better known to the Defendant than they are to the Plaintiff.

4. Defendant, John Doe Corporations 1-10 (hereinafter referred to as "Defendant John Doe Corps. 1-10" or "John Doe Corps."), are fictious business entities whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information; Defendant John Doe Corps. are averred to be fictious names of the entities which at all relevant times were the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the subject premises.

5. John Doe Corps. were operating in the course and scope and furthering their business purposes, including providing security at the subject premises – namely the casino hotel located at 777 Harrah's Boulevard, Atlantic City, NJ 08401.

6. At all times material hereto, Defendant John Doe Corps. acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees. The identities of these agents, employees, office staff, and workers who were responsible for keeping the subject premises safe and secure, is better known to the Defendant than they are to the Plaintiff.

7. Defendant Ceasars/Harrah's and John Doe Corps. were lawfully obligated to ensure its premises, including the subject premises - namely the casino hotel located at 777 Harrah's

Boulevard, Atlantic City, NJ 08401, were safe.

8.     Defendants John Does 1-10 (hereinafter also referred to as "Defendant John Does") are adult individuals and residents of certain states, and at all relevant times were assailants that committed violent criminal acts upon Plaintiff due to the negligence and/or recklessness of Defendants Ceasars/Harrah's and John Doe Corps 1-10 as described in the Complaint.

9.     On or about August 4, 2025, Plaintiff M.G. Doe, was a business invitee, licensee, and/or otherwise legally on the premises, when, as a result of the negligence and/or carelessness and/or recklessness of the Ceasars/Harrah's and John Doe Corps. 1-10 Defendants, individually and/or by and through their agents, contractors, employees, franchisees, servants, and/or workmen, which included negligent security and reckless indifference toward their inadequate security, Plaintiff was physically and/or sexually assaulted by John Doe Defendants on the subject premises after being served alcoholic beverages by Defendants' employees and/or agents, including at X Bar and on the casino floor of Harrah's Atlantic City during the evening and/or early morning hours.

10.    Prior to the physical and/or sexual assault as described above, Defendants Ceasars/Harrah's and John Doe Corps. 1-10 knew of the propensity for the violent physical and/or sexual acts on the subject premises and/or at Defendant's various casino hotels and properties.

11.    Prior to the subject incident, Defendant Ceasars/Harrah's was on notice that physical and/or sexual assaults and other violent acts were occurring at the subject premises, and at Defendant's various casino hotels and properties.

12.    As a result of this incident, Plaintiff suffered severe and permanent bodily and/or psychological injuries, all of which is set forth at length below.

13.    Plaintiff was caused to be physically and/or sexually assaulted due to the negligence

and recklessness of all Defendants, including negligent and/or reckless security.

14. Plaintiff was caused to be physically and/or sexually assaulted due to the reckless indifference by Ceasars/Harrah's and John Doe Corps. 1-10 because Defendants knew that violent acts were occurring on the premises but purposefully disregarded same by failing to implement additional and/or different security measures to increase safety on the property.

15. At all relevant times, Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to his injuries or damages.

16. As a result of this incident, Plaintiff suffered severe and permanent bodily and/or psychological injuries which are set forth at length below.

### COUNT I – NEGLIGENT SECURITY/RECKLESS SECURITY
### M.G. DOE
### V.
### CEASARS ENTERTAINMENT, INC. d/b/a HARRAH'S RESORT ATLANTIC CITY
### AND JOHN DOE CORPORATIONS 1-10

17. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

18. Prior to the date of the attack as described above, Defendants Ceasars/Harrah's and John Doe Corporations 1-10 knew that numerous acts of violence and/or criminal acts and/or criminal sexual acts were committed on or near the subject premises and recklessly disregarded the numerous acts of violence and/or criminal acts and/or criminal sexual acts occurred.

19. Upon information and belief, the perpetrators were observed on security surveillance, but Ceasars/Harrah's failed to remove them from the premises.

20. Defendant Ceasars/Harrah's owed Plaintiff a duty to reasonably identify, remove, and/or report (to law enforcement or other authorities) such acts of violence and/or criminal activity and/or criminal sexual acts.

21.     Defendant Ceasars/Harrah's owed Plaintiff a duty to reasonably supervise and/or monitor people who it knew, or should have known, committed or threatened to commit, or were disposed to commit, acts of violence or criminal acts while those people were on its premises.

22.     At all relevant times, Defendant Ceasars/Harrah's failed to implement adequate, reasonable, and/or necessary rules, regulations, policies, and/or procedures which were aim at effectively identifying and dealing with violent people who committed or threatened to commit crimes while those people were on the premises.

23.     The negligence and/or carelessness and/or recklessness of Defendant Ceasars/Harrah's and John Doe Corps, acting individually and/or by and through Defendants' agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) Failing to remove attackers from the property despite their unruly conduct and visible hostile motives;
b) Failing to supervise the premises in a reasonably safe manner to ensure that violent criminals were removed;
c) Failing to monitor the premises to ensure that violent criminals did not enter the premises;
d) Allowing attackers to remain on the premises while understanding that would significantly increase the risk of a violent attack to persons such as Plaintiff;
e) Failing to enforce and/or implement policies and procedures to ensure that persons who intended to commit violent acts were removed and/or not allowed on the premises;
f) Failing to provide necessary safeguards to prevent the above described assault with respect to detecting, observing, supervising, and/or properly addressing hostile, combative, and violent persons;
g) Failing to train employees as to proper procedures for identifying violent persons on the premises;
h) Failing to train employees as to proper policies and procedures to identify violent persons and ensure such persons do not enter the property;
i) Failing to develop and implement safe and effective security measures, since it was obvious and apparent that the current security measures in place were inadequate and/or ineffective and/or incorrectly utilized thus allowing violent criminals to enter the premises and commit violent acts such as the one performed on Plaintiff;
j) Failing to establish adequate security management standards and failing to provide proper and adequate training and instruction, including TIPS (Training for Intervention Procedures), to Defendant's employees, agents,

servants, workmen in connection with safe operation and management of the property with respect to detecting, observing, monitoring, supervising, and/or properly dealing with visibly hostile and/or potentially violent criminals on the property;

k) Failing to provide reasonable and adequately trained personnel to provide protection for the Plaintiff, with respect to detecting, observing, monitoring, supervising, and/or properly dealing with violent criminals on the premises;

l) Allowing and tolerating violent and risk causing behavior defendant knew or reasonably should have known would occur;

m) Creating and/or exposing Plaintiff to a foreseeable and unreasonable risk of harm or bodily injury by failing to detect, observe, monitor, supervise, and/or properly deal with violent criminals;

n) Failing to call law enforcement in a timely manner when it was apparent that a violent encounter between Plaintiff and a criminal would occur on the property;

o) Failing to remove the criminal once he/she engaged in conduct likely to lead to a violent crime with persons on the property such as Plaintiff;

p) Failing to dispatch a sufficient numbers of trained security personnel to detect, observe, monitor, supervise, and/or properly neutralize violent criminals;

q) Failing to have in place necessary rules, regulations, policies, and procedures to prevent violent crimes such as the violent act performed on Plaintiff;

r) Hiring inexperienced individuals and failing to provide proper training to employees responsible for maintaining security in and around the hotel building;

s) Knowing that violent acts were occurring on its property for years, and recklessly disregarding these acts by failing to implement additional security measures;

t) Having specific knowledge that its security measures were inadequate and purposefully failing to implement additional security measures;

u) Disregarding customer reviews and media reports of violent acts occurring on its premises by purposefully failing to implement additional security measures;

v) Acting recklessly toward the rights of others by having specific knowledge of violent acts at its premises but failing to implement additional security measures.

24.   As a direct and proximate result of Defendants Ceasars/Harrah's and John Doe Corps' negligent and/or careless and/or reckless conduct, as described elsewhere in this Complaint, Plaintiff sustained severe, permanent, and disabling injuries, including but not limited to: psychological and/or emotional injuries; rectal pain/injury; as well as other ills and injuries, all to Plaintiff's great loss and detriment.

25.    As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite amount of time.

26.    As an additional result of the negligence and/or carelessness of Defendants Ceasar's/Harrah's, Plaintiff has suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, and diminished ability to engage in activities of daily living, and emotional distress.

27.    As a result of the negligence/carelessness and/or recklessness of Defendant Ceasar's/Harrah's, Plaintiff suffered lost wages and/or loss of earning capacity.

28.    Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred and may in the future incur medical, rehabilitative, and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, M.G. Doe, demands judgment in his favor and against Defendants Ceasars Entertainment, Inc. d/b/a Harrah's Resort Atlantic City and John Doe Corporations 1-10 in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus all reasonable costs and any other relief the Court deems necessary.

**COUNT II – ASSAULT**
**M.G. DOE**
**V.**
**JOHN DOES 1-10**

29.    Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

30.    The physical and violent and criminal acts of Defendants John Does 1-10 constitute an assault upon Plaintiff.

31.    The intentional and tortious conduct of Defendant John Does 1-10 included the following:

    a.     Threating to place Plaintiff in fear of harmful or offensive contact;

    b.     Intentionally striking/contacting Plaintiff;

    c.     Intentionally causing harmful contact by striking Plaintiff.

32.    As a direct and proximate result of Defendant John Does' actions, which constitute criminal offenses, Plaintiff suffered severe and debilitating injuries including: psychological and/or emotional injuries; rectal pain/injury, all to Plaintiff's great financial detriment and loss.

33.    As a direct and proximate result of Defendant John Does' actions, which constitute criminal offenses, Plaintiff was caused to expend various sums of money for medical bills and medical treatment, which will continue for an indefinite time into the future.

34.    As a direct and proximate result of Defendant John Does' actions, Plaintiff was caused to suffer embarrassment, shame, and humiliation.

35.    As a direct and proximate result of the Defendant John Does' actions, Plaintiff suffered lost wages and/or loss of earning capacity.

WHEREFORE, Plaintiff demands compensatory damages, pain and suffering damages, punitive damages, and all available economic and non-economic damages available from all Defendants John Does 1-10, individually, jointly and severally, in an amount in excess of $50,000.

**MORGAN & MORGAN, PLLC**

Dated:  December 26, 2025        **By:**   /s/ *Mark R. Cohen*

                                       **MARK R. COHEN**

                                       **Attorney for Plaintiff**

## DEMAND FOR JURY

Plaintiff demands a trial by jury on all issues so triable.

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Mark R. Cohen, Esq. has been designated as trial counsel on behalf of Plaintiff in the above-captioned matter.

## NOTICE OF NO OTHER ACTION

Pursuant to R. 4:5-1, the undersigned hereby certifies that at the time of filing of this pleading, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding and that there exist no other known parties at this time to be named or joined to this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff demands that Defendant(s) provide answers to the following Interrogatories: Form C and Form C(2) Uniform Interrogatories as set forth in Appendix II of the New Jersey Court Rules.

**SUPPLEMENTAL INTERROGATORY #1:** Was another person or entity, not named in the Complaint, responsible for the maintenance, care, repair, and safety of the subject premises, namely Harrah's Resort Atlantic City located at 2777 Harrah's Blvd, Atlantic City, NJ 08401 where Plaintiff was physically and/or sexually assaulted by John Doe Defendants after being served alcoholic beverages by Defendants' employees and/or agents, including at X Bar and on the casino floor of Harrah's Atlantic City during the evening and/or early morning hours of August 4, 2025? If so, please identify said person or entity.

## DEMAND FOR PRODUCTION

Pursuant to R. 4:18-1, you are hereby requested to produce the below listed documents and/or items; photograph negatives will be processed, and photographs reproduced. Said documents or tangible things are to be produced to the attention of Mark R. Cohen, Esq., Morgan & Morgan PLLC, 2005 Market St., Suite 350, Philadelphia, PA 19103, and supplement thereafter in accordance with the time provided by R. 4:18-1(b). These requests are not directed merely to the person or party whose name appears above but are meant to include that person's or party's agents, servants, insurers, employers, employees, investigators, attorneys, and others similarly situated to the named party or person. In addition, although the request seeks these documents, the request should also be deemed continuing, in that if there are further materials which come under the purview of any of these requests should also be furnished in accordance with this request. If any document required to be produced by this Request is claimed by you to be not discoverable because it is privileged or for any other reason, then each such document should be identified in your response by date, the subject matter, and the basis for the claim of privilege or other reason should be stated in your Response.

**PLAINTIFF HEREBY DEMANDS** that Defendant(s) produce the following:

1.  The entire claims file, insurance file, and/or investigation file or files of the Plaintiff and/or Defendant, and/or additional Defendant, their counsel, or other organization.

2.  All statements, descriptions of statements, summaries of statements, memoranda, records or writing (signed or unsigned) of any and all witnesses, including any statements from the parties herein, or their respective agents, servants, or employees, including tapes or other mechanically transcribed information.

3.  All photographs, recordings, films, charts, sketches, graphs, and diagrams taken and/or prepared.

4.  Any and all documents containing the names and addresses of all individuals contacted as potential witnesses.

5. Any and all reports compiled or prepared by an individual who has been retained as an expert in this matter.

6. Any and all police reports, security reports, etc. pertaining to the incident set forth in Plaintiff's Complaint.

7. The names, home addresses, and business addresses of all experts contacted.

8. All writings, memoranda, data, and/or tangible things which relate directly or indirectly to the incident and damages set forth in Plaintiff's Complaint.

9. Any and all memoranda, notes, and/or summaries made by Defendant, additional Defendant(s), and any witnesses or other representatives to the incident set forth in Plaintiff's Complaint.

10. All photographs, diagrams, drawings, reports, statements, and each and every other item given to or examined by experts.

11. Any and all insurance policies and insurance files.

12. Any and all records and reports of previous accidents involving the Plaintiff, Defendant, and/or additional Defendant(s).

13. Any and all medical reports and bills from doctors, hospitals, or other health care providers regarding the Plaintiff and sustained by the Plaintiff in any previous accidents.

## DEMAND FOR INSURANCE COVERAGE

Pursuant to R. 4:10-2, you are hereby requested to disclose to the undersigned the limits of all insurance policies, insuring Defendant(s) against liability for the negligence for which this action was instituted, including but not limited to primary policies and excess/umbrella policies, and policies of any other related business entities under Defendant's and/or Defendants' control.

Respectfully submitted,

**MORGAN & MORGAN PLLC**
*Attorneys for Plaintiff*

*/s/ Mark R. Cohen*
MARK R. COHEN

DATED: December 26, 2025

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-009026-25

**Case Caption:** DOE M.G.  VS CEASARS ENTERTAINMENT, INC. D

**Case Initiation Date:** 12/26/2025

**Attorney Name:** MARK R COHEN

**Firm Name:** MORGAN & MORGAN LLC

**Address:** 2005 MARKET ST STE 350

PHILADELPHIA PA 19103

**Phone:** 2154460003

**Name of Party:** PLAINTIFF : M.G. Doe

**Name of Defendant's Primary Insurance Company
(if known):** None

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: M.G. Doe?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
        If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
        If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO
Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/26/2025
Dated

/s/ MARK R COHEN
Signed

# EXHIBIT B

REILLY, MCDEVITT, & HENRICH, P.C.
BY: ANTHONY J. GIORDANO, ESQUIRE
   IDENTIFICATION NO.: 198282016
3 EXECUTIVE CAMPUS
SUITE 310
CHERRY HILL, NEW JERSEY 08002
(856) 317-7180
  ATTORNEY FOR DEFENDANT, HARRAH'S
    ATLANTIC CITY OPERATING COMPANY
    LLC D/B/A HARRAH'S RESORT ATLANTIC
    CITY

**FILED**

MAR 04 2026

Hon. Glenn C. Slavin, J.S.C.

| | |
|---|---|
| M.G. DOE,<br>               **PLAINTIFF,**<br>V.<br><br>HARRAH'S ATLANTIC CITY OPERATING<br>COMPANY LLC D/B/A HARRAH'S RESORT<br>ATLANTIC CITY, ET AL.<br>           **DEFENDANTS,** | SUPERIOR COURT OF NEW<br>JERSEY<br>LAW DIVISION – MIDDLESEX<br>COUNTY<br><br>DOCKET NO.  MID-L-9026-25<br><br>Civil Action<br><br>STIPULATION TO AMEND THE<br>CAPTION |

The above-captioned matter, having been brought to the attention of the Court by Anthony J. Giordano, Esquire, attorney for the Defendant, and Mark R. Cohen, Esquire, attorney for the Plaintiff, having consented to the form and substance of this Order, and good cause having been shown and in the interest of fundamental fairness;

IT IS on this ___4___ day of ___MARCH___, 2026,

ORDERED that Plaintiff's Complaint is hereby Amended to reflect the substitution of **Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City** in the place of Caesars Entertainment, Inc. d/b/a Harrah's Resort Atlantic City; and it is

FURTHER ORDERED that Defendant, Caesars Entertainment, Inc. d/b/a Harrah's Resort Atlantic City shall now be directed to Defendant, **Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City**; and it is

**FURTHER ORDERED** that service of a copy of this Order shall be deemed effectuated by the

Court upon its successful upload to e-Courts.

Hon. Glenn C. Slavin, J.S.C.


**MORGAN & MORGAN, PLLC**

By: _/s/Mark R. Cohen_____

Mark R. Cohen, Esquire
Attorney for Plaintiff


**REILLY, MCDEVITT & HENRICH, P.C.**

By: _/s/Anthony J. Giordano_____

Anthony J. Giordano, Esquire
Attorney for Defendant,
**Harrah's Atlantic City Operating
Company, LLC d/b/a Harrah's Resort
Atlantic City**

# EXHIBIT C

www.rmh-law.com
*Attorneys At Law*



Anthony J. Giordano
Member of PA & NJ Bars
agiordano@rmh-law.com

January 28, 2026

**VIA EMAIL**
Mark R. Cohen, Esquire
Morgan & Morgan, PLLC
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103

**RE:**     **M.G. Doe v. Harrah's Atlantic City Operating Company, LLC d/b/Harrah's Resort Atlantic City, et al.**
**Docket No.: MID-L-9026-25**

Dear Mr. Cohen:

Reference is made to the above captioned matter. Our firm represents Defendant, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City. Please accept this letter as a demand for a statement of damages that complies with the New Jersey Court Rules.

New Jersey Court Rule 4:5-2 requires, in relevant part, that, "[u]pon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed."

Please provide a statement of damages that complies with Rule 4:5-2 within five (5) days in order to avoid motion practice. Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: /s/ *Anthony J. Giordano*
        Anthony J. Giordano, Esq.

AJG/eko

# EXHIBIT D

www.rmh-law.com
*Attorneys At Law*



Anthony J. Giordano
Member of PA & NJ Bars
agiordano@rmh-law.com

February 3, 2026

**_VIA EMAIL_**
Mark R. Cohen, Esquire
Morgan & Morgan, PLLC
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103

> **RE:    M.G. Doe v.  Harrah's Atlantic City Operating Company, LLC d/b/a**
> **Harrah's Resort Atlantic City, et al.**
> **Docket No.: MID-L-9026-25**

Dear Mr. Cohen:

Reference is made to the above captioned matter. Our firm represents Defendant, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City. A review of my file revealed that on January 28, 2026, demand for statement of damages was propounded upon your office. Please provide it within the next ten (10) days.

Please consider this as a good faith attempt in order to resolve the issues raised without the necessity of filing a motion, pursuant to the provisions of Rule 1:6-2(c).

Thank you for your attention to this matter.

Very truly yours,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: /s/ *Anthony J. Giordano*
         Anthony J. Giordano, Esq.

AJG/eko



**From:** Mark R. Cohen <mark.cohen@forthepeople.com>
**Sent:** Tuesday, March 3, 2026 12:16 PM
**To:** Anthony J. Giordano <agiordano@rmh-law.com>
**Cc:** Upoma Chakraborty <upoma.chakraborty@forthepeople.com>; Kaisa Codner
<kaisa.codner@forthepeople.com>
**Subject:** RE: *EXT*M.G. Doe v. Harrah's

[EXTERNAL] Caution: This email originated from outside the organization. Do not
reply, click links or open attachments unless you recognize the external sender and

> know the content is safe.

Hi Anthony,

I don't have a problem with the stipulation to amend.

As for our statement of damages pursuant to the rule, plaintiff demands ten million dollars.

Mark

## Mark R. Cohen
**Attorney**

**T:** (215) 488-5352
**F:** (445) 201-8717

2005 Market St, Suite 600,
Philadelphia, PA 19103
Licensed in New Jersey and Pennsylvania



MMLOGO.png

$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

---

**From:** Anthony J. Giordano <agiordano@rmh-law.com>
**Sent:** Wednesday, February 11, 2026 2:16 PM
**To:** Mark R. Cohen <mark.cohen@forthepeople.com>
**Subject:** *EXT*M.G. Doe v. Harrah's

> You don't often get email from agiordano@rmh-law.com. Learn why this is important

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Mark –

It was nice speaking with you on this matter.  Attached is the stipulation to amend the caption that we discussed.  Also – it looks like we already sent a request for a statement of damages.  Please provide a response as soon as possible.

If you have any questions please feel free to give me a call whenever.

Thank you,

Anthony

Anthony J. Giordano, Jr., Esq.

**Reilly, McDevitt & Henrich, P.C.**

3 Executive Campus, Suite 310

Cherry Hill, NJ 08002

856.317.7180 (office)

609.760.0271 (cell)

856.317.7188 (fax)

agiordano@rmh-law.com

| RMH | Mansfield |
|---|---|
| | |

**Confidentiality Notice:**
This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to *agiordano@rmh-law.com* or by telephone at *(856) 317-7180* and then delete the message and its attachments from your computer.
Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY: ANTHONY J. GIORDANO, ESQUIRE**
**IDENTIFICATION NO.: 198282016**
**3 EXECUTIVE CAMPUS, SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**PHONE: (856) 317-7180**
**ATTORNEYS FOR DEFENDANT,**
**HARRAH'S ATLANTIC CITY OPERATING**
**COMPANY, LLC D/B/A HARRAH'S RESORT**
**ATLANTIC CITY**

| | |
|---|---|
| **M.G. DOE,** <br><br> **PLAINTIFF,** <br><br> **V.** <br><br> **HARRAH'S ATLANTIC CITY OPERATING COMPANY LLC D/B/A HARRAH'S RESORT ATLANTIC CITY, ET AL.** <br><br> **DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY** <br> **ATLANTIC COUNTY** <br> **LAW DIVISION** <br><br> **DOCKET NO.: ATL-L-1281-25** <br><br><br> **PRAECIPE TO FILE NOTICE OF REMOVAL** |

**TO:**  Mark R. Cohen, Esquire          Clerk, Law Division
One Commerce Square          Atlantic County Superior Court
2005 Market Street, Suite 350      1201 Bacharach Boulevard
Philadelphia, PA 19103          Atlantic City, New Jersey 08401

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Sect. 1446, Harrah's Atlantic City

Operating Company, LLC d/b/a Harrah's Resort Atlantic City, on March 17, 2026, filed its Notice

of Removal, a copy of which is attached hereto, in the office of the Clerk, United States District

Court for the District of New Jersey, Camden Vicinage, Mitchell H. Cohen Building & U.S.

Courthouse, 4th & Cooper Streets Room 1050, Camden, New Jersey 08101.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

Dated:  March 17, 2026                By: */s/ Anthony J. Giordano*

**Anthony J. Giordano, Esq.**
*Attorneys for Defendant, Harrah's*
*Atlantic City Operating Company,*
*LLC d/b/a Harrah's Resort Atlantic*
*City*

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY:  ANTHONY J. GIORDANO, ESQUIRE**
       **IDENTIFICATION NO.: 198282016**
**3 EXECUTIVE CAMPUS**
**SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**(856) 317-7180**
 **ATTORNEY FOR DEFENDANT, HARRAH'S**
       **ATLANTIC CITY OPERATING COMPANY**
       **LLC D/B/A HARRAH'S RESORT ATLANTIC**
       **CITY**

| | |
|---|---|
| **M.G. DOE,**<br><br>                               **PLAINTIFF,**<br>**V.**<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY LLC D/B/A HARRAH'S RESORT ATLANTIC CITY, ET AL.**<br>                               **DEFENDANTS,** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION – MIDDLESEX COUNTY**<br><br>**DOCKET NO.  MID-L-9026-25**<br><br>**Civil Action**<br><br>**ANSWER OF DEFENDANTS, HARRAH'S ATLANTIC CITY OPERATING COMPANY LLC D/B/A HARRAH'S RESORT ATLANTIC CITY TO PLAINTIFF'S COMPLAINT WITH SEPARATE DEFENSES AND JURY DEMAND** |

Defendant, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City hereinafter referred to as "Answering Defendant," denies each and every averment of Plaintiff's Complaint and states more fully as follows:

1.      Denied.  After reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

2.      Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is

without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

3. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

4. The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

5. The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

6. The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

7. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

8. The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

9. Denied. The averments contained in this paragraph state conclusions of law to

which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

10.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

11.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

12.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

13.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

14.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

15. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

16. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

## **COUNT I**

17. The averments of this paragraph do not contain an allegation directed to Answering Defendant and therefore does not require a response. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

18. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

19. Denied. After reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

20. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph. Strict proof thereof is demanded at the time of trial.

21.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

22.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

23.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

24.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

25.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

26.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments

contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

27.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

28.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Further, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.  Strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant demands judgement against Plaintiff, dismissing the Complaint, together with costs and attorneys' fees.

## COUNT II

29.     The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

30.     The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

31.     The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

32.     The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment

implies any wrongdoing on the part of Answering Defendant, it is denied.

33.     The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

34.     The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

35.     The averments of this paragraph are not directed to Answering Defendant and therefore do not require a response from Answering Defendant. To the extent that the averment implies any wrongdoing on the part of Answering Defendant, it is denied.

**WHEREFORE**, Answering Defendant demands judgement against Plaintiff, dismissing the Complaint, together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Answering Defendants were not negligent.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants discharged each and every obligation which they owed to the Plaintiffs and otherwise the said Defendant owed no duty to the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

The alleged injuries were not the proximate result of the acts or omissions of the Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery by her negligence and/or contributory negligence at the

time described, said negligence being comparatively greater than the negligence of Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

The negligence of Answering Defendants, if any, was the result of the acts or omissions of someone other than Answering Defendants and not under their control.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint are barred by the doctrine of entire controversy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by avoidable consequences.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the applicable statute of limitations and/or laches.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendants are not liable to the Plaintiff due to the fact that the alleged injuries and damages were the result of superseding and/or intervening acts of others over whom Answering Defendants had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to move to dismiss the Complaint due to insufficiency of process.

## TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff were the sole result of the negligence of third parties over whom Answering Defendants had neither control nor the duty to control or warn.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of improper service of process.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Court lacks jurisdiction over the subject matter of this lawsuit.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants did not create and/or maintain any condition which allegedly caused Plaintiff's accident.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to diligently mitigate their damages and, therefore, are barred from receiving all or part of the relief requested in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants owe no duty to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of comparative negligence of a greater degree than the negligence of Answering Defendants, which is denied.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff intentionally exposed themselves and/or their property to known hazards with foreknowledge of the probable results thereby barring or limiting Plaintiffs' claim.

### TWENTIETH AFFIRMATIVE DEFENSE

The doctrines of res judicata and collateral estoppel are applicable to Plaintiff's claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are so remote from the alleged tortious act that they should be

barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims require expert testimony.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, Answering Defendants complied with all applicable laws, regulations, codes, ordinances, and standards.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages are so speculative that they are inadmissible and the claim upon which they are based cannot be submitted to a jury.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to amend their answer and to assert additional answers and/or supplements, alter or change this answer upon revelation of more definite facts during and/or upon the completion of further discovery and investigations.

## TWENTY-SIXTH SEPARATE DEFENSE

Answering Defendants assert that the Plaintiffs have filed claims within the Amended Complaint that are frivolous in nature and violate the Frivolous Claim Act at NJSA 2A:15-59.1 and Answering Defendants hereby place Plaintiffs and counsel for Plaintiffs upon notice of this allegation and Answering Defendants' intent to seek all of Answering Defendants' legal fees, costs and expenses from Plaintiffs and counsel for Plaintiffs at the conclusion of this lawsuit, pursuant to law.

## TWENTY-SEVENTH SEPARATE DEFENSE

The alleged damages sustained by Plaintiffs were the proximate result of acts and/or omissions of parties over which Answering Defendants exercised no control.

## TWENTY-EIGHTH SEPARATE DEFENSE

Any damages or injuries which may have been sustained by Plaintiff was the result of an unavoidable accident insofar as the Answering Defendants are concerned.

## TWENTY-NINTH SEPARATE DEFENSE

Negligence, if any, on the part of Answering Defendants was not the proximate cause of any damages or injuries which may have been sustained by Plaintiffs.

## THIRTIETH SEPARATE DEFENSE

Answering Defendants did not breach any security or industry standards.

## THIRTY FIRST SEPARATE DEFENSE

Answering Defendant was not careless in any way.

## THIRTY SECOND SEPARATE DEFENSE

Answering Defendant was not reckless in any way.

## CROSSCLAIM FOR CONTRIBUTION

Answering Defendant, by way of further answer and defense, file the within Crossclaim against all co-defendants.  Answering Defendant, without admitting any liability herein, assert that they are entitled to contribution from all co-defendants, jointly, severally, and in the alternative, pursuant to the New Jersey Tortfeasor Act, N.J.S.A. 2A:53A-1, et seq., or as may be determined under the provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., as well as under contract, Statute and/or law.

**WHEREFORE**, Answering Defendant denies liability, demands judgment in its favor and further, demands judgment for contribution against said co-defendants.

## CROSSCLAIM FOR INDEMNIFICATION

Answering Defendant, by way of further answer and defense, file the within Crossclaim

against all co-defendants.  Answering Defendant, without admitting any liability herein, assert that if judgment is recovered by the plaintiff against the Answering Defendant, it is hereby asserted that their negligence, if any, was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that plaintiff's damages arose through the direct and primary negligence of co-defendants. Accordingly, Co-Defendants are obligated by operation of common law and contract and otherwise to indemnify the within defendants and hold the within defendant harmless from any and all claims which are the subject of Plaintiff's complaint.  Answering Defendant, without admitting any liability herein, assert that they are entitled to indemnification from each of the co-defendants, jointly and/or severally, and in the alternative, for all sums which Answering Defendant may be required to pay to any party to this litigation.

**WHEREFORE**, Answering Defendant denies liability, demands judgment in its favor and further, demands judgment for indemnification from said co-defendants.

## ANSWER TO CROSS CLAIMS

Answering Defendant denies each and every allegation contained in any and all crossclaims for contribution and/or indemnification already filed or to be filed by any of the parties in this action insofar as they refer or relate in any respect to Answering Defendant.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury on all issues involved herein.

## NOTICE PURSUANT TO RULES 1:51(A) AND 4:17-4(C)

Take notice that the undersigned attorney, counsel for Answering Defendant, does hereby demand pursuant to Rules 1:51(a) and 4:17-4(c) that each party herein serve pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other materials

referred to therein, upon the undersigned attorney and take notice that this is a continuing demand.

## DEMAND FOR FORM INTERROGATORIES

Answering Defendant hereby request Plaintiff answer all questions in Form-A Uniform Interrogatories found in Appendix II of the rules governing the courts of the State of New Jersey within the time provided in accordance with R. 4:17-4.  Answering Defendant further request that all parties supply copies of any and all answers to interrogatories which are therefore provided to any and all other parties in this action. Please note this is a continuing request.

## DEMAND FOR INSURANCE COVERAGE

Please take notice that the Answering Defendant hereby request that Plaintiff shall furnish information concerning the existence and contents of any and all insurance agreements under which any insurance company may or shall be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify, or reimburse for payments made to satisfy the judgment, or for the payment of any medical fees or other reimbursements to any party to this action for injuries and damages alleged to have been sustained herein This information shall include, name and address of insurance company; policy number; effective dates of the policy; policy limits and types of coverage available there under; separate claim number (if applicable); and legible copy of declaration page.  This demand is made pursuant to R. 4:10-2 and 4:17-1 et seq.

## DESIGNATION OF TRIAL COUNSEL

Anthony J. Giordano, is hereby designated as trial counsel on behalf of Answering Defendants at the trial of this action.

## CERTIFICATION PURSUANT TO RULE 4:6

I hereby certify that a copy of this Answer to Plaintiff's Complaint has been served and

filed within the time prescribed by Rule 4:6.

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

I certify that the foregoing statements made by me are true and accurate and I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: _____
        Anthony J. Giordano, Esquire
        Attorneys for Defendant
        Harrah's Atlantic City Operating Company,
        LLC d/b/a Harrah's Resort Atlantic City

Dated: March 16, 2026

## CERTIFICATE OF SERVICE AND FILING

I, Anthony J. Giordano, Esquire, attorney for Defendant, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City, hereby certify that I served a true copy of the foregoing Answer and Separate Defense on the docket and the parties listed below via e-filing and/or electronic mail on this date:

**Plaintiff's Counsel**
Mark R. Cohen, Esquire
Morgan & Morgan, PLLC
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: _____
     Anthony J. Giordano, Esquire
     Attorneys for Defendant
     Harrah's Atlantic City Operating Company,
     LLC d/b/a Harrah's Resort Atlantic City

Dated: March 16, 2026

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-009026-25**

**Case Caption:** DOE M.G.  VS CEASARS ENTERTAINMENT, INC. D

**Case Initiation Date:** 12/26/2025

**Attorney Name:** ANTHONY J GIORDANO

**Firm Name:** REILLY MCDEVITT & HENRICH, PC

**Address:** 3 EXECUTIVE CAMPUS STE 310
CHERRY HILL NJ 08002

**Phone:** 8563177180

**Name of Party:** DEFENDANT : HARRAH'S ATLANTIC CITY OPERATI

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** TORT-OTHER

**Document Type:** Answer W/Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: M.G. DOE? NO**

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/16/2026
Dated

/s/ ANTHONY J GIORDANO
Signed